Case number 23-5486, USA v. Dwayne Robinson, Ms. Green on behalf of the appellant. Oral argument not to exceed 15 minutes per side. May it please the court, my name is Molly Green and I represent the appellant Dwayne Robinson Jr. I'd like to reserve three minutes of my time for thank you. The issues presented here resulted in both an unlawful conviction and an unlawful sentence as an armed career criminal for Mr. Robinson. I'd like to start off today by discussing his argument that the district court denied him the assistance of counsel at a critical stage when the jury was deadlocked. There were a variety of ways the district court could have responded to the jury's third note, but it could not do so without consulting counsel. And that's because when considered in context, it is clear that the jury was experiencing an atmosphere of time anxiety. Mr. Robinson's trial had been brief, simple, one issue, only four hours of evidence presented. The jury's first note in all caps indicated they intended to deliberate that evening. And after three hours of deliberations on this simple trial, the third note made it very clear that the jury had a real concern it couldn't make a decision. So you think review should be de novo? Correct. But why shouldn't we review it for plein air since you didn't object at all? Yes, your honor. Yeah, the answer to that is in the plain language of Federal Rule of Criminal Procedure 51B, which says that if a party does not have the opportunity to object, they should not later be prejudiced. We felt that after you still had the opportunity because she presented the situation to you right after the fact and you didn't object at that time. That's right. But Rule of 51A eliminated the historical requirement for exceptions or after the fact objections. So at that point, the note had been sent, the harm had been done, and there was no... But the key point, well, I'll let you state your argument, but I thought your argument did hinge on some type of factual dispute. And the factual dispute was whether there was an if in the letter. And the failure to object eliminated the ability of the district court to clarify where this if came from. Because if I look at the jury note, it clearly has an if on there in the record. So why shouldn't we at least hold that against you for failing to object and just assume that it did say if? Sure. Well, two things there. The first is that our argument that this was a critical stage does not depend on the word if. So even with the note being assumed to have included the word if with no questions about it whatsoever, our argument is still that that implicated a deadlock issue and that that should have triggered extra care from the district court. And then to your point about the lack of objection, I agree that perhaps an objection at that point could have permitted the court to clarify. But still, under Rule 51A and B, an objection was not required to get this court to de novo review. And I do have one case on this that wasn't cited in the brief that I'll just mention very quickly, which is Mancina's Flores out of the Ninth Circuit in 2009, which had some helpful language. The defendant's counsel may have better served client had she interrupted the court and asked for an explanation of its decision, requested a recess, but the rules do not require a defendant to force an objection or exception into the record. So while perhaps it would have given us a more clear record, it was not required for the level of root. What's the site for that? Yeah, that is 588 F3D 677, Ninth Circuit, 2009. But so would you, so you say it's de novo review, but what the note originally said would be a pure factual question that would really be about clear air review, but we have no facts to review. So that's why, I mean, I know you have your backup argument that even if it says if, you still should win. But it strikes me that that is not a legal question that we would review de novo. And I don't think we should be the fact finder. So the only conceivable basis is, without your objection, is to hold that fact against you, it seems to me. Yeah, our argument is really that with or without if. Okay. Yeah. But so if you look at it with the though, I mean, if we are unable to come to a unanimous decision tonight, what are the next steps? It doesn't strike me as unreasonable for the district court to think that that is just when can we go home type question, which is not a, we're deadlocked question. It's just like, we need more time. I think perhaps if you just read that third note in a vacuum, but considered in the whole context, the brevity of the trial, the simplicity of the trial, the fact that they had been deliberating for three hours. I mean, that type of thing happens, right? I mean, juries deliberate for a long time for all sorts of reasons. I mean, I tried hundreds of cases. You try a six week case and they come back in three hours and you try a three hour case, they come back in three days. Sometimes the more longer the trial goes, the more convinced they are by the time you reach verdict. So I don't know how much, I know you mentioned that in your brief, you mentioned it again a couple of times, but is that really the determinative factor you want us to decide this on? This issue in particular? Yeah. I mean, it seems to me not that pertinent. I think your better argument is the other argument, correct? That you should have had the opportunity, didn't have the opportunity and because you didn't have the opportunity, defense counsel didn't get to make the case for why this was a substantive question versus a scheduling question. Yeah. I mean, that is correct as well, that if there had been an objection, we would have. In other words, maybe a better way of asking is, does the right riser fall based on the amount of time the trial took versus the time of deliberation? No, not that one factor, but we do have case law, Gibson and Jenkins, I believe are the cases that say that it must be considered in a full context. So that's why I mentioned the length of time of the trial and the deliberations. That's why I mentioned the three notes, the all caps notes, the idea we're finishing tonight. And then the fact that when the jury received the very brief note back from the court, after saying it was not able to reach a verdict that night, it then immediately came back with a verdict, which suggests at least strongly that the holdout changed their mind. That was a very short turnaround of time, too, after this. It's interesting, though, because you asked for an Allen charge, right, is what you would have done. We gave a few suggestions. One would be an Allen charge. But defendants never want an Allen charge. I mean, I have never, when I tried cases, I never experienced a situation, they always argued against it when the government asked for one. Don't you typically view an Allen charge as harmful to your client? I mean, I think it really depends on the circumstance of the individual case. And here, at least, counsel should have had the opportunity to think about whether an Allen charge would have been helpful and to advocate for it if necessary. What about your argument that you could have used some portion of the Allen charge, such as the conscience portion? Is that the basis of what you wanted to get before the jury? Or is there something else that made that important? Yes, I think that that would have been the most helpful part of the Allen charge. Some encouragement to not give up to get this case over with quickly, especially when the jury had continued to communicate to the court that it was struggling to reach a verdict and that it felt some time anxiety. Do you have any case that talks about making a portion? Do you have any backup cases that discuss just using the conscience provision of the Allen's charge? Or is that generally unknown? If you give the Allen charge, you give it all, which includes a lot of stuff that a defendant usually does not want. My memory is that there are cases where only a portion is given, but I do not have a site right now. If there are no more questions about the trial, I'd like to move on to the Erlinger issue. The question of whether Erlinger error is evaluated under harmless error analysis or whether it is indeed structural error is an open one in the circuit currently presented to several panels with at least one en banc petition pending. But this panel need not answer that question here. Do you think you adequately preserved the structural error question? Because you didn't advocate for it in your briefing. I believe we did in two ways. One is that the briefing never conceded that harmless error applies. It assumed for the sake of argument that harmless error applied. There's also a footnote in the reply brief that explains that the Erlinger court never indicated that harmless error should apply and that harmless error was only mentioned by three judges in the minority. We also believe that if this is indeed structural error, it was preserved when Mr. Robinson objected to the judge making findings on the different occasion issue and preserved on appeal by continuing to uphold that objection. And at that point, the question, if it were a structural error for this court, is, you know, does structural error apply? And it was preserved by him objecting to, you know, what could be structural. I mean, I struggle with how this can amount to structural error when even failing to present an element to a jury isn't structural error. For example, Nader. You know Nader, so go ahead. Yeah, so I think that the importance of distinguishing factor in this case as opposed to a case like Nader is that there the omitted element was related to the offense that was charged. So naturally the jury did hear evidence relating to that element. So the court on harmless error review was able to limit its review just to the trial record. But here... Go ahead. I'm sorry. You were going to answer my next question when I interrupted you. Sorry. I may not have. Who knows where I was going. But here, the ACCA designation turns on, you know, the character and relationship of three different convictions. And in your average felon in possession case, certainly in this trial, no evidence whatsoever about those prior convictions potentially occurring on different occasions was presented. And that also makes this different than a situation like in Greer where the court could look to, you know, evidence in the record because there the issue wasn't preserved at all and they were on plain error review. But why would... You didn't even argue that some jury could reasonably conclude that these were on different occasions. And I think reasonably so since it's so obvious from the evidence that happened so many years apart. Your harmless error arguments were just kind of different that the jury wasn't supposed to. It was like a statutory interpretation question, seemingly arguing for the Booker remedy. So why would we think that that should be considered structural error? It's a finding that can easily be made based on the materials on which the district court relied. So I guess first of all, I would point to the concurrence in Greer where Justice Sotomayor discusses harmless error review and the fact that on harmless error review, the court is limited to looking at evidence in the trial record only because on harmless error review, the burden has not shifted. The defendant, Mr. Robinson, preserved his trial rights, went to trial, gave up no rights. Burdens haven't shifted. The burden is still on the government to prove beyond a reasonable doubt with record evidence. And that concurrence kind of explains why it would be unfair to find an error harmless based on inculpatory evidence... Oh, okay. Based on inculpatory evidence that the government never put before the jury. So in terms of just the harmless error analysis, we don't believe this court could find that based on the evidence it's limited to, which is the trial record. I see my time is up. I'm happy. Are there any further questions? Thank you. You'll have your rebuttal. Okay. Thank you. Good afternoon. May it please the court. I'm Rachel Stevens on behalf of the United States. In brief response to the issue on the juror note, the government's position is that Mr. Robinson wants this court to take that few lines of that note completely out of context. And those do completely change the meaning of the note. Mr. Robinson wants the court to evaluate we are unable to come to a verdict. That's not what the note said. That is not what the note said. And I thought it was interesting... Can you clarify that for me? What do you make of the district court's testimony? Or not the testimony, the district court's statement. When he described the note, he said it was missing an F and I could not understand what he... I don't know what the talking about. I believe... I wasn't there either. But my reading of the transcript is that she received a note and began reading the note and said, oh, that should say if on it. Because the note said we are unable to come to a decision. Was there a word missing? I don't... The word missing seemed to be what Judge Weber was saying. Perhaps. And that... If you look at the spacing on the note, you can see that the if is separated by a little bit. My guess would be that they... Her interpretation of the note was that the word was missing. Somehow when the note went back to... That's odd that a district judge would add a word. It's not her writing, sir. I agree. And no, she did not add a word on it. The writing on the notes are very, very distinct from one another. As Ms. Green brought up, there are... I can see because she writes in cursive. But I agree with you, but how can a district judge just add a word or say a word is missing? It says we are unable to come to a unanimous decision. Tonight. What are the... Tonight, sorry. Yes. Yes. Which I don't know if she added it or not. It is my assumption that somehow the jury added the note after receiving the note back. Even if that word if was added afterwards, it doesn't matter because if that word if is not there, it means the same thing. We are unable to come to a decision tonight does not in any way indicate a deadlock or hung jury or anything that would raise the court's awareness that anything... Why not? Why not in practical reality? You have a short trial with a singular issue. I think the jury was deliberating about as long as the trial was. And they send a note to the judge. The judge has said, we're going to do it this afternoon. And they send a note to the judge asking about having a unanimous verdict. Aren't they clearly saying we can't do this tonight? And how close... What else could they really say? Would it, in your estimation, require them to have said we are deadlocked? Yes. Why if they write back and say we cannot reach a verdict tonight when they are already in the context of having said that they were going to stay beyond the regular work hours in order to resolve this case on that day? I think as Judge DePauw brought up, you can't read anything into the length of a trial and the length of a deliberation. There is absolutely no rhyme or reason to how long a jury is going to deliberate after a trial. So I don't think that the length of the trial is an issue in any way. Except that they had already said to the judge, at one note, I need you to let my spouse know I won't be home tonight because we are continuing on this case today. I mean, you've got to take it in the entire context of the case. Even though it varies, I'll agree with you. It's all over the map. But in this one, it seemed fairly obvious that they thought they were going to finish it that night and then they had to tell the judge that they weren't. And I think the distinction is they didn't say we are done deliberating. We can't come to a decision. They said we can't do it tonight, meaning we need more time. And that's important because they had initially said we plan to stay. They've realized they now can't come and do a next step. The judge's response to that? I get that routinely happens. And I'm not Judge Trauger's a good judge. I'm just curious, why shouldn't she be required to consult with counsel before responding about this note? Because a lot of times they'll say, right, you'll say we're going to stay tonight. We want to go home. That's the next note. Here, it's a little more than we want to go home. And if it's we want to go home, I agree. Judge can be back at 830 and notify counsel. But if it's we are unable to come to a unanimous decision tonight, why isn't that a little more substantive such that the judge should consult with counsel before responding? I think that the court was in the best position to interpret that. But in the context of it, it is purely a timing issue, purely an administrative issue. They didn't say we can't disagree with that. Do you lose? If we disagree that it's purely a timing issue, do you lose? I don't think so. Because I think that the court was still interpreting this as an administrative matter and answering the note about what's next if they're not finished tonight. And it is as simple as you'll come back in the morning, which is the only communication. And there was nothing wrong with that communication with the jury. Well, the key there is how is that made and should it be the type of stage that counsel has an opportunity to say, short trial, we've been at it, deliberations as long as this trial is. And then counsel has an opportunity to say, well, it seems to me like they're deadlocked. I want a conscience or an if. It seems to me like they're at an impasse and we need to declare a mistrial. At least the argument could be made by counsel for the court's consideration. But counsel didn't get to do that, right? That's true. And why is that not problematic? Because in reality, in the reality of trials, even if counsel says, I would like the court to make an instruction, I would like this to happen, that doesn't ever happen when a jury has not indicated that they have reached a deadlock. We don't just give Allen charges, you know, it's been a couple hours, let's bring them out for an Allen charge. It doesn't work that way. There's a case law out there that shows an Allen charge. What's the case decided by your colleague that there was an Allen charge very shortly after the jury, after the jury had done some deliberations? I cannot remember how long, but pretty quickly. And I would need to look back at the factual situation that I don't know whether they indicated to the court that they were not going to be able to reach a decision. And I think that that is, that's the distinction here. They said, this jury's communication was, we can't reach a decision tonight. It was not an unequivocal, we are hung, we cannot do anything, we are deadlocked. And therefore, asking what was next, because they previously indicated they wanted to stay, it appears to be an entirely scheduling question and the court answered it as such. Well, if the counsel had been notified and counsel responded by suggesting that Mr. Robinson wanted an Allen charge and the court refused to do so and gave the note that it did, what would the standard of review be for that? Would that be, do we review the failure to give Allen charges for abuse of discretion? I believe so, but I'm not. So essentially, but by framing it in terms of right to counsel rather than abuse of discretion, is that, we would say that this is automatic error under chronic? It seems like there's some type of disconnect to me between how chronic is almost de novo, automatic reversal, whereas if this had just played through and counsel had notified the court even after the fact, if counsel had objected and said, hey, I would have given an Allen charge if the court had said, well, I wouldn't have given it anyways. But we would still have to reverse here if we found a critical stage violation, like it's a critical stage and didn't have counsel because that's structural error. It seems weird to me. I agree that there is a disconnect. Yeah. But I suppose that's just the nature of the claim? Yes. I'd like to move on now to the Erlinger error in this case. Before you do, can I ask you one, I had one question for the government on, it's a different issue. It's on the instruction about whether ownership is relevant to possession. Yes, your honor. And the government has taken the position that it's irrelevant. And we have some statements and opinions that say it's irrelevant. But that, I mean, relevancy is such a low bar. If you are taking the position that it's irrelevant, that means, suppose the opposite. Suppose the facts were everybody agreed that the individual owned the gun. You don't think that that would make it more likely that the individual was in possession of the gun? I mean, that has to be your theory of the case. And I do think ownership can have a tendency to prove possession under kind of the lax standard for relevancy. One way or the other, it might help the government if there's evidence that the person owned the gun. And it might not do much. I'll agree with you there. It's not all that helpful. But to say that it's irrelevant strikes me as perhaps misreading the lax standard for relevancy. I think that the pattern instructions say that it doesn't matter who owned, I'm not quoting them correctly, but it doesn't matter who owns this gun. Well, I agree it's not required. So that is a perfectly appropriate instruction, if that's the point you're trying to make. But it strikes me as a little different to say ownership is not required to show possession. That's perfectly accurate. But ownership is irrelevant to possession. I mean, maybe I'm looking at this through a legal lens and most jurors would not. So it doesn't matter. But I view those as distinct. And relevancy is does it have a tendency to help show possession? I understand the court's point. And I, in terms of whether or not it is completely irrelevant, I understand that argument being made and how that could be stated better. In the situation, though, this wasn't, in light of the case law in this jurisdiction, it was not an erroneous set of instructions on the jointly submitted instructions. The instructions... Weren't they initially submitted as proof of ownership is not required for possession? That was the filed version. That was the filed version, right? Yes. And I didn't have a clear answer to how it morphed into that it's irrelevant. I can tell you what happened in terms of the sequence of events, the jury instructions are due a week or two before the trial. The parties continue to work on them. And can I tell you exactly when the change was made? I cannot. I don't know whether somebody else working on jury instructions submitted them. But I can tell the court that there was no time when defense counsel wasn't provided with exactly the same thing and on board with exactly the instructions that were submitted. So they were jointly submitted in the end? They were. And the record is clear that the defense had no objections to them. The court asked in the charge conference, we go through some information about changes in the possession statute. So it was clear that he had reviewed those at that time. And then following the instructions being given to the jury, the judge again asked, does anybody have any objections? And there was no objection. I have a very brief time now to talk about the Erlanger issue. The government's position is that we are here on a very simple separate occasions analysis. That it should be subject to harmless error review. And because in this case, as Judge Murphy pointed out, the offenses took place in 1991, 2013, and 2017, there is no error. The error is harmless beyond a reasonable doubt because no jury could possibly find that those three occurred on the same occasion. What do you make of the argument that our harmless error analysis should be limited to the jury evidence or the trial evidence and not stuff that was not submitted to the trial? That struck me as plausible. It is our position that this, well, the court brought up Greer earlier. In the Greer case, it was under a plain error analysis. However, in that case, the court did look to, the court made a specific statement that it's not limited to the proceeding in which the error takes place, but the entire record as a whole. And if we look at this similarly, then we can use the record from the sentencing hearing in this case. And I think that that is the proper analysis in this case for the court to consider. We also have, as the court is well aware, other circuits are deciding this issue every day. And we have three other circuits which have applied the harmless error analysis, the Second Circuit, the Eighth Circuit, and the Seventh Circuit. And assuming this court goes in the same direction and applies the harmless error analysis, it's the government's position that the court can look to the sentencing hearing, to the PSR, which contained the information in terms of the dates of offense of the convictions that are at issue, and that as a result, the court should find that this error is harmless beyond a reasonable doubt. Thank you. Just a few quick responses. In terms of the Allen charge, I did just want to point the court to the two cases and the amount of time that went by before the Allen charge was given. They were both cited in the brief. In Capozzi, jurors had deliberated for three hours. They were then given the Allen charge, deliberated two more hours, the court then pulled the jurors, the court then declared a mistrial. And in Sawyers, which was also cited, the Allen charge was given after three hours of deliberations as well. I would also note that in terms of the disconnect with the critical stage and the reversal, the reason that it has such a significant consequence is just because of the Supreme Court's jurisprudence on how important a critical stage is. And again, had the district court consulted with counsel, could have prevented that issue by involving counsel and we wouldn't be in this situation. But in your position that the court can't retroactively fix it, I understand in some circumstances where the court couldn't. Maybe it was testimony before the jury or something that you can't take back. But when counsel's presence, so obviously the counsel is not going to be present back in the jury room, so counsel's presence would be limited to how the judge would have responded. And if counsel, so if the judge responds and then tells counsel and counsels, you know judge I would have done that differently. This is what I would have done. And the court says, well even if you had told me that at the time, I still would have made the proper determination. That strikes me as like, why would we say that there's structural error there even though we know exactly what the judge would have done? Well, I mean I think it's difficult to know what the judge would have done regardless. I mean the judge. But I think the factual distinction here is that counsel wasn't brought back after the judge sent the note. At that point, maybe there was something that could have been done. Counsel was informed after the jury had a verdict. So that made this, you know at that point the damage had been done. And we believe that that was a critical stage. And I'll very quickly make one final point on the earlier issue. I just want to strongly distinguish again the Greer case, which was reviewed on plain error, which is a different standard. Here our standard is beyond a reasonable doubt that the error did not contribute to the verdict. And even if the court decides to apply harmless error review here, our position is that we cannot rely on evidence outside the trial record and also include thinking about the rules of evidence that would apply at a jury trial as opposed to a judicial fact finding at sentencing. There's really no way for us to know what actually would be admissible or what the jury would do and certainly not beyond a reasonable doubt. I see my time is up. So if there are no further questions, I would ask that you remand for further proceedings. Thank you. Thank you. We thank you both for your good briefing and argument. The case will be taken under advisement and an opinion issued in due course.